IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00071 SOM |
| | ) | CIV. NO. 08-00566 SOM/LEK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| ZASHA BOTELHO, | ) | U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

I.      INTRODUCTION.

On October 24, 2005, before the Honorable J. Michael

Seabright, Defendant Zasha Botelho pled guilty to Count 1 of the

Indictment, which charged her with a conspiracy to

> knowingly and intentionally distribute and
> possess with intent to distribute 500 grams
> or more of a substance and mixture containing
> a detectable amount of methamphetamine, its
> salts, isomers and salts of its isomers, to
> wit, approximately 1,329 grams, a Schedule II
> controlled substance, in violation of
> Title 21, United States Code, Sections
> 841(a)(1) and (b)(1)(A).

On April 12, 2006, before she was sentenced, Botelho

filed a motion to withdraw her guilty plea, claiming that her

attorney, Suzanne T. Terada, had failed to inform her that she

was facing a mandatory minimum term of imprisonment of twenty

years.

On June 9, 2006, after holding an evidentiary hearing

at which Botelho and her attorney testified, Judge Seabright

denied the motion to withdraw guilty plea.  Judge Seabright found
that Terada accurately informed Botelho of the mandatory minimum
sentence and that Botelho's version of the events was not
credible.  Judge Seabright ruled that, "Not only does the record
contradict defendant's claims, but her demeanor while testifying
strongly suggested to the court that she was being less than
truthful."  Order Denying Defendant's Motion to Withdraw Guilty
Plea at 11 (June 9, 2006).

On August 31, 2006, Botelho was sentenced to 240 months
of imprisonment and 10 years of supervised release.

On September 8, 2006, Botelho appealed.  The Ninth
Circuit affirmed the judgment and conviction in a memorandum
decision filed on October 1, 2007.

On December 11, 2008, Botelho timely filed the present
motion under 28 U.S.C. § 2255.[1]  Botelho now states that, had her

---

[1]A federal prisoner must file a § 2255 petition within one
year of "the date on which the judgment of conviction becomes
final."  28 U.S.C. § 2255(f).  For purposes of a § 2255 petition,
a judgment becomes final and the limitations period begins to run
"upon the expiration of the time during which she could have
sought review by direct appeal." United States v. Schwartz, 274
F.3d 1220, 1223 (9th Cir. 2001).  Accordingly, when a defendant
appeals his or her conviction to the Ninth Circuit, but does not
request a writ of certiorari from the Supreme Court, a judgment
becomes final and the limitations period begins to run upon the
expiration of the time to petition for a writ of certiorari to
the Supreme Court. Clay v. United States, 537 U.S. 522, 524-25
(2003); United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir.
2000).  In this case, the Ninth Circuit entered its judgment on
appeal on October 1, 2006.  The period to petition the Supreme
Court for a writ of certiorari ended 90 days later. See Rule
13(1) of the Rules of the Supreme Court.  Botelho's § 2255 motion

attorney not been ineffective in allegedly telling her that she
would not be subject to the twenty-year mandatory minimum
sentence of imprisonment if she "debriefed," Botelho would not
have pled guilty and would have gone to trial.  Because this
court finds that statement not credible, the court denies the
motion.  This judge is ruling on this motion because the original
judge assigned to this case recused from it on July 10, 2009.

II.      <u>FINDINGS OF FACT.</u>

        This court received oral testimony on July 14, 2009.
Based on the live testimony and the exhibits received in
evidence, the court finds the following by a preponderance of the
evidence.

        A.   Zasha Botelho testified on her own behalf.  Given
her demeanor and the substance of her testimony, this court does
not find her testimony credible.

        B.   Botelho originally asked the Honorable J. Michael
Seabright to allow her to withdraw her guilty plea, arguing that
Terada had not told her about the twenty-year mandatory minimum
sentence.  <u>See</u> Motion to Withdraw Guilty Plea (April 12, 2006).
In an evidentiary hearing held on May 15, 2006, Botelho testified
that the first time she discovered that she was subject to a
mandatory minimum sentence was when she received her Presentence
Investigation Report.  <u>See</u> Transcript of Proceedings at 10 (May

---

was filed within one-year of that date.

15, 2006).  At that time, Botelho testified that, had she known
that she was subject to a twenty-year mandatory minimum sentence,
she would not have pled guilty.  Id. at 11.

C.   On June 9, 2006, Judge Seabright denied Botelho's
motion to dismiss.  Judge Seabright determined that Botelho was
lying when she said that she had not been informed about the
twenty-year mandatory minimum sentence.  Botelho's attorney had
credibly testified to the contrary.  Moreover, Botelho's plea
agreement stated that she was subject to a minimum term of
imprisonment of twenty years and Botelho had told Judge Seabright
that she had read and understood the plea agreement.  See Plea
Agreement ¶ 8; Transcript of Proceedings at 3 (Oct. 24, 2005).
Botelho also told Judge Seabright that she understood that there
was a twenty-year mandatory minimum sentence during her change of
plea.  Transcript of Proceedings at 8 (Oct. 24, 2005).

D.   In her testimony in support of the present § 2255
motion, Botelho has changed her story.  She now says that her
attorney told her that she might not be subject to the twenty-
year mandatory minimum sentence if she "debriefed."  Botelho
explained that she understood the "debrief" requirement to mean
that all she had to do was tell the government what she herself
had done, thereby allowing her attorney to make the argument that
she should not be subject to the mandatory minimum sentence.  See
Transcript of Proceedings at 14-15 (July 14, 2009).

4

E.    Botelho says that, had she been correctly informed that she needed to substantially assist the Government in the investigation or prosecution of another person who had committed a crime, she would not have pled guilty and would have insisted on going to trial.  <u>See</u> Transcript of Proceedings at 27-28 (July 14, 2009).  The court does not find this statement credible.  By her actions in the earlier motion to withdraw guilty plea, Botelho has demonstrated that she is willing to lie under oath. In that motion, Botelho claimed that she did not learn about the mandatory minimum sentence until she received the Presentence Investigation Report, despite her discussion of the subject with the court prior to her guilty plea.  At the time Botelho filed the motion to withdraw guilty plea, Botelho knew that the Presentence Investigation Report was recommending that she receive at least the mandatory minimum twenty-year sentence. Yet, there is no mention in that motion about the present claim that Terada misinformed Botelho about what she needed to do to avoid the mandatory minimum sentence.  Instead, this argument arose only after Judge Seabright determined that Botelho had lied about not having been informed of the mandatory minimum sentence at all.

F.    The facts before this court indicate that Botelho would have pled guilty even if Terada had correctly informed Botelho about the substantial assistance necessary to avoid the

mandatory minimum sentence.  Not only has Botelho demonstrated a willingness to lie under oath, her own testimony establishes that she would have pled guilty.  In connection with the present motion, Botelho testified that she had a discussion with Terada about her chances of prevailing at trial.  Terada told Botelho that, to prevail at trial, Botelho would have to testify and that, if she was found guilty, she could get a more severe sentence if the court found that she had obstructed justice. Botelho testified that that scared her and made her want to plead guilty.  <u>See</u> Transcript of Proceedings at 21 (July 14, 2009). Additionally, Botelho indicated that she was scared of the evidence that would be presented against her at trial.  <u>Id.</u> at 38.

G.    In a moment of candor with the court, Botelho, responding to an apparently unanticipated question by the court, said that, had she gone to trial, she likely "would have" received the same sentence, maybe more.  <u>See</u> Transcript of Proceedings at 49 (July 14, 2009).  The court found this statement to be credible, as Botelho appeared to be answering it honestly and did not appear to have been "prepped" by her attorney on the subject.  Implicit in Botelho's admission that, had she gone to trial, she would have received at least the same sentence is Botelho's belief that she would have been convicted had she gone to trial.  This, combined with Botelho's statements

that she was scared of the evidence against her and that she was scared of being deemed to have perjured herself at trial, indicates that Botelho would not have gone to trial even had Terada not informed her about the substantial assistance necessary to avoid the twenty-year mandatory minimum sentence.

III.     <u>CONCLUSIONS OF LAW.</u>

Botelho claims that she was deprived of her constitutional right to effective assistance of counsel when Terada allegedly told her that she only had to "debrief" to avoid the mandatory minimum sentence of twenty years of imprisonment. Botelho says that, but for Terada's statement that Botelho only needed to tell the Government what she herself had done, she would not have pled guilty and would have insisted on going to trial.  This court concludes that Botelho has not demonstrated entitlement to § 2255 relief based on her claim of ineffective assistance of counsel.

A.   A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.

7

B.   To demonstrate a constitutionally deficient
sentence based on a claim of ineffective assistance of counsel,
Botelho "must show that counsel's representation fell below an
objective standard of reasonableness" and that "there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Hill v. Lockart, 474 U.S. 52, 57 (1985) (quoting Strickland v,
Wash., 466 U.S. 668, 687-88, 694 (1984)).  When, as here, a
defendant asserts that his or her counsel was deficient with
respect to a guilty plea, the defendant satisfies the "prejudice"
requirement when the defendant shows "that there is a reasonable
probability that, but for counsel's errors, [the defendant] would
not have pleaded guilty and would have insisted on going to
trial."  Hill, 474 U.S. at 59; accord Roe v. Flores-Ortega, 528
U.S. 470, 485 (2000).

C.   Whether a defendant has satisfied the test for
ineffective assistance of counsel turns on the facts of the
particular case.  Roe, 528 U.S. at 485.  When making predictions
about whether a defendant would have taken certain actions but
for counsel's deficient performance, courts examine the facts
objectively, without regard to the idiosyncracies of the
particular decisionmaker.  Hill, 474 U.S. at 59-60.  In examining
the prejudice prong with respect to a claim that, but for
counsel's deficient performance, the defendant would have

appealed, the Supreme Court has explained that "evidence that there were nonfrivolous grounds for appeal or that the defendant . . . promptly expressed a desire to appeal will often be highly relevant in making this determination." Roe, 528 U.S. 485.  Of course, even if a defendant does not specify the points he or she would have raised on appeal, the defendant may nevertheless be able to demonstrate the requisite prejudice when "there are other substantial reasons to believe that [the defendant] would have appealed." Id.

        D.   In the present case, even if the court assumes that Terada incorrectly advised Botelho that she would not be subject to the twenty-year mandatory minimum sentence if Botelho told the Government only what she herself had done (without providing "substantial assistance in the investigation or prosecution of another person who has committed an offense" as set forth in 18 U.S.C. § 3553(a) and in § 5K1.1 of the United States Sentencing Commission Guidelines Manual), Botelho has not demonstrated "a reasonable probability" that she "would not have pleaded guilty and would have insisted on going to trial." Roe, 528 U.S. at 485; Hill, 474 U.S. at 59.

        E.   As discussed in the Findings of Fact above, the court does not find Botelho to be credible in asserting that, but for Terada's alleged ineffectiveness, she would not have pled

guilty and would have insisted on going to trial.  Botelho

presents nothing other than her unbelievable testimony that,

but for Terada's unprofessional errors, there was a "reasonable

probability" that she would have insisted on going to trial.

Botelho therefore fails to meet her burden of establishing the

prejudice necessary to demonstrate entitlement to relief on this

motion.  Given this, the court need not address the truth of

Botelho's claim that Terada misinformed her.  Botelho's § 2255

motion is denied.

IV.          <u>CONCLUSION.</u>

          For the foregoing reasons, Botelho's § 2255 motion is

denied.

          IT IS SO ORDERED.

          DATED: Honolulu, Hawaii, October 6, 2009.



                          <u> /s/ Susan Oki Mollway </u>
                          Susan Oki Mollway
                          United States District Judge


<u>United States of America v. Botelho</u>, Crim. No. 05-00071 SOM; Civ. No. 08-00566
SOM/LEK; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255